**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lomondo Mark SCOTT, Defendant–**
**Appellant.**

No. 94–10571.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 1995.

Decided Jan. 10, 1996.

Janet S. Bessemer, Assistant Federal Public Defender, Las Vegas, Nevada, for defendant-appellant.

Joseph M. Angelo, Assistant United States Attorney, Las Vegas, Nevada, for plaintiff-appellee.

Before: GOODWIN, HAWKINS, Circuit Judges, and FITZGERALD,* District Judge.

FITZGERALD, Senior District Judge:

Lomondo Mark Scott appeals his jury conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Scott contends on appeal that: (1) the district court erred by denying his motion to suppress evidence seized at the time of his arrest; (2) the introduction of his prior bad acts was more prejudicial than probative; and (3) that there is insufficient evidence to support his convictions. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I.

■ Generally, we review a motion to suppress de novo and the trial court's factual findings for clear error. *United States v. Manning,* 56 F.3d 1188, 1196 (9th Cir.1995).

■ Here, one officer knocked on the door and noticed a weapon in Scott's hand when Scott opened the blinds covering the entrance. The officers wore police jackets and yelled "police" and "warrant" as Scott attempted to close the door. The district court found that the officers announced their authority and purpose respectively by yelling

* The Honorable James M. Fitzgerald, Senior U.S. District Judge for the District of Alaska, sitting by designation.

"police" and "warrant" and that because Scott refused admittance the officers were justified in forcing the door open. We find no error in this factual finding. Moreover, Scott was known to carry firearms and was observed holding a weapon in violation of his prior felony conviction. Scott presented a threat to the officers' safety and his attempt to close the door can reasonably be construed as an attempt to escape.

■ We also conclude the even if the officers were not in compliance with the refusal of admittance requirement of the knock and announce statute, 18 U.S.C. § 3109, the situation presented exigent circumstances justifying a forced entry. *See United States v. VonWillie,* 59 F.3d 922, 925–26 (9th Cir.1995) (mild exigent circumstances excuse non-compliance with refusal of admittance requirement of § 3109) (citation omitted). We do not find the district court's factual findings to be erroneous and we affirm the denial of the motion to suppress.

## II.

■ The admission of prior criminal activity pursuant to Fed.R.Evid. 608 (impeachment) is reviewed for an abuse of discretion. *United States v. Manning,* 56 F.3d 1188, 1196 (9th Cir.1995).

While under cross-examination, Scott denied that he owned the firearms found in his apartment, denied holding a gun when he opened the door of his apartment, and testified that he would not possess a firearm because he is an ex-felon. The district court then allowed the prosecution to cross-examine Scott concerning his June 18, 1993 and September 3, 1993 arrests for being a felon in possession of a firearm. Scott now contends that it was error to admit this testimony under Fed.R.Evid. 404(b).

■ "Federal Rule of Evidence 608(b) . . . specifically contemplates inquiries into prior behavior in order to challenge a witness's [sic] credibility." *United States v. Gay,* 967 F.2d 322, 328 (9th Cir.), *cert. denied,* 506 U.S. 929, 113 S.Ct. 359, 121 L.Ed.2d 272 (1992). Because Scott denied possessing firearms because he was an ex-felon, the prior arrests were relevant and probative of Scott's credi-

bility. The evidence was not unduly emphasized and was not unfairly prejudicial. The trial court did not abuse its discretion in admitting the evidence under Rule 608(b) and Scott's contention that the admission violated Rule 404(b) lacks merit.

■ The district court also permitted the government to cross-examine Scott regarding an incident during a prior arrest in which Scott allegedly admitted to Metro officers that he sold drugs. Scott contends that this inquiry was improper under Rule 404(b). The government argues that the testimony was relevant because Scott was charged with possession of cocaine with intent to distribute but denied ownership of the cocaine found in his apartment on December 30, 1993. In considering the issue the district court ruled that the testimony was inadmissible under Rule 404(b) but was admissible for impeachment purposes. We conclude that the government's subsequent inquiry was proper under Rule 613.

Q. And you admitted to one of the officers, during the course of the officers being over at that apartment that you were selling rock cocaine out of that apartment but that you didn't know how much you had sold that day, didn't you?

A. No, I didn't.

Q. You never made that admission?

A. No.

This testimony related to a prior inconsistent statement by the defendant. Therefore, the prior statement was admissible to prove impeachment by contradiction. *United States v. Higa,* 55 F.3d 448, 452 (9th Cir.1995). We find no error.

## III.

■ Scott's final contention is that there was insufficient evidence to support his convictions for possession of the firearm seen in his hand and the rock cocaine found in his apartment. Scott argues that because he shared the apartment with his son there was insufficient evidence to support a theory that he exercised dominion and control over the narcotics and weapons found in the apartment. There is sufficient evidence to support a conviction if, reviewing the evidence in

the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *United States v. Vgeri,* 51 F.3d 876, 879 (9th Cir.1995).

■ It was undisputed that Scott was the sole lessor of the apartment where the drugs were found. The drugs were found in plain view on the kitchen table and on top of an air conditioner. A digital scale was found on the kitchen counter. The firearm was seen in his hand. A witness testified that he had purchased rock cocaine from Scott on the same day that the police raided Scott's apartment. Viewing this evidence in the light most favorable to the government, the evidence was sufficient for a reasonable jury to conclude that the drugs and firearms were possessed by Scott. We affirm the district court's decision to deny Scott's Fed.R.Crim. P.Rule 29 motion.

■ We also find that there was sufficient evidence to prove the use of the firearm within the meaning of 18 U.S.C. § 924(c). A jury could reasonably find that a firearm was used as required for conviction under § 924(c) if it was actively employed by the defendant. *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Scott answered the door holding a firearm in his hand, and then forcibly attempted to close the door. When viewed in the light most favorable to the government, the evidence was sufficient for a reasonable jury to find that Scott's display of the weapon constituted the active employment of a firearm in relation to the crime of drug trafficking. Accordingly, a reasonable jury could have concluded that Scott violated 18 U.S.C. § 924(c).

AFFIRMED.