UNITED STATES of America,
Plaintiff–Appellee,

v.

James Vernon DUNBAR, aka Vernon
Dunbar, Defendant–Appellant.

No. 02–10564.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2004.

Decided July 19, 2004.

Sharon M. Bunzel, Kim Briggs, U.S. Attorney's Office, Oakland, CA, for Plaintiff–Appellee.

Robert R. Riggs, Esq., Katzoff & Riggs, Kelseyville, CA, for Defendant–Appellant.

Before: LAY,* HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM **

Vernon Dunbar was convicted by a jury of possession with intent to distribute co-

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit rule 36–3.

caine base and several other firearms offenses. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. §§ 924(c)(1), 922(g)(1), & 922(k). In this appeal, he contends that a number of prejudicial errors occurred during his trial, thereby necessitating the reversal of his conviction. Having found no such error, we affirm.

■ First, Dunbar argues that he was denied the right to confront witnesses against him. The factual basis for this claim arises from the government's elicitation of testimony from a police officer that a search warrant had been issued for Dunbar, and that it was on this basis that he was under surveillance on the night of his arrest. It is undisputed that information supporting the issuance of this warrant was provided by a confidential informant whose identity was not disclosed.

The Confrontation Clause requires as a prerequisite to the admissibility of testimonial evidence not only that the declarant be unavailable, but also that the defendant have had a prior opportunity to cross-examine. *See Crawford v. Washington*, — U.S. —, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). While it is true that Dunbar was denied the opportunity to cross-examine the confidential informant, his claim must fail for the simple reason that no testimonial evidence provided by the confidential informant was ever introduced into evidence. The officer testified that he personally prepared a search warrant for Dunbar; he mentioned neither the information contained in the warrant application nor its source. Although Dunbar knew of the basis upon which the warrant was issued, the salient fact is that it was never communicated to the jury.

■ Second, Dunbar argues that the district court erred in failing to conduct an adequate investigation into an incident of jury tampering that took place during the trial. After receiving notice of the incident, the district court polled the jury to determine whether any member felt that his or her ability to remain impartial was compromised; no juror expressed any hesitation. Dunbar contends that the proper course of action for the district court would have been to hold an evidentiary hearing to "determine[ ] the circumstances of what transpired, the impact on the jurors, and whether or not it was prejudicial." *United States v. Angulo*, 4 F.3d 843, 847 (9th Cir.1993).

An evidentiary hearing is not required *every* time there is an allegation of jury misconduct. Instead, "in determining whether a hearing must be held, the court must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source." *Id.* Consideration of these factors leads us to conclude that the district court did not err in adopting the procedure that it did. The prohibited contact occurred entirely within the confines of the courthouse, and was initiated by a person whom the juror had never seen before. Moreover, the substance of the contact-that the juror should "decide restitution"-was completely unrelated to any issue presented in Dunbar's trial. In short, the contact was so fleeting as not to require the district court to conduct a full-blown evidentiary hearing. *See United States v. Hanley*, 190 F.3d 1017, 1030–31 (9th Cir. 1999) (finding no abuse of discretion where the court refused to hold an evidentiary hearing on allegations of potential juror bias where the evidence in support was "too vague to draw a conclusion" of bias); *United States v. Soulard*, 730 F.2d 1292, 1305–06 (9th Cir.1984) (finding no abuse of discretion where the court refused to hold an evidentiary hearing on allegations that the prosecutor had engaged in extrajudicial communication with a juror where the

substance of the conversation did not relate to the trial).

■ Finally, Dunbar argues that the district court erred in permitting the government to cross-examine him at length regarding the details of his criminal history, including a 1992 conviction for assault with a deadly weapon and a 1996 incident involving the possession of a firearm. The record reveals, however, that it was Dunbar himself who initially discussed the details of his 1992 conviction during direct examination. Having thus opened the door to the subject, he cannot now be heard to complain of any resulting prejudice. *See United States v. Bailleaux*, 685 F.2d 1105, 1110 (9th Cir.1982). Further, the government's questioning concerning the 1996 incident represented a proper attempt at impeachment by contradiction. During direct examination, Dunbar stated that his exposure to weapons was extremely limited, and the government was entitled to challenge that assertion. *See, e.g., United States v. Scott*, 74 F.3d 175, 177 (9th Cir.1996) (permitting cross-examination regarding the defendant's prior convictions for possession of weapons after defendant denied having ever possessed a firearm in the past).[1]

In view of the foregoing, the judgment of the district court is AFFIRMED.

---

1. Dunbar also argues that his counsel's failure to object during trial to any of the errors currently pressed on appeal deprived him of his Sixth Amendment right to effective assistance of counsel. For the reasons discussed above, however, his claims of legal error fail. His ineffective assistance claim must therefore fail as well.

