**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

WILLIAM GEORGE YOUNG,
        *Defendant-Appellant.*

No. 04-30289

D.C. No.
CR-03-02104-WFN

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior Judge, Presiding

Argued and Submitted
June 10, 2005—Seattle, Washington

Filed August 19, 2005

Before: David R. Thompson, M. Margaret McKeown, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

10967

**COUNSEL**

Edwin F. Alden, Kennewick, Washington, for the defendant-appellant.

James A. McDevitt, United States Attorney for the Eastern District of Washington, James P. Hagarty, Assistant United States Attorney for the Eastern District of Washington, Yakima, Washington, for plaintiff-appellee United States of America.

## OPINION

GOULD, Circuit Judge:

William Young appeals his jury conviction and sentence for possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**[1]** 1.   Under de novo review, *see United States v. Johnson*, 357 F.3d 980, 983 (9th Cir. 2004), we conclude that the district court did not err in denying the appellant's motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. Constructive possession requires "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised a dominion and control over" that contraband. *United States v. Disla*, 805 F.2d 1340, 1350 (9th Cir. 1986). If the defendant has exclusive control over the premises where firearms are found, then knowledge and control of the firearms may be inferred. *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir. 1985). However, where "a residence is jointly occupied, the mere fact that contraband is discovered at the residence will not, without more, provide evidence sufficient to support a conviction based on constructive possession against any of the occupants." *United States v. Reese*, 775 F.2d 1066, 1073 (9th Cir. 1985); *see also Delgado v. United States*, 327 F.2d 641, 641-42 (9th Cir. 1964).

**[2]** It is undisputed that both Young and his girlfriend lived at the residence in the months leading up to the search. How-

ever, both testified that they moved out separately before the date of the search. The searching officers found evidence that the residence was still occupied, such as fresh food and milk, and also discovered evidence indicating that the defendant lived there, such as letters addressed to him and other personal belongings. A rational jury could have chosen to believe the testimony of the defendant's girlfriend, claiming that she moved out of the residence before the search, while disbelieving the defendant's testimony that he had vacated the residence. In that case, our precedent assessing constructive possession in the context of joint occupancy would be inapposite, and a rational finder of fact could have concluded beyond a reasonable doubt from the government's evidence that Young's sole occupation preceding the search was sufficient to establish his constructive possession of the firearms therein, without additional evidence connecting him to the firearms. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Rodriguez*, 761 F.2d at 1341. 2.

**[3]** 2. Under de novo review, *United States v. Meek*, 366 F.3d 705, 711 (9th Cir. 2004), we also conclude that the district court did not err in denying Young's motion to suppress the evidence found at the apartment. The search warrant was not overbroad or lacking particularity of the items to be seized. The warrant's language limited the officers' search to specific items—marijuana and drug paraphernalia—and therefore "adequately confine[d] the discretion of the agents executing the warrant." *United States v. Whitten*, 706 F.2d 1000, 1014 (9th Cir. 1983).

**[4]** 3. Under de novo review, *United States v. Cortez-Arias*, 403 F.3d 1111, 1114 n.7 (9th Cir. 2005), we further conclude that the district court did not err in determining that Young's prior conviction for assault was a "crime of violence" under the United States Sentencing Guidelines. Third degree assault under Washington law does not categorically qualify as a crime of violence under U.S.S.G. § 4B1.2. *See United States v. Sandoval*, 390 F.3d 1077, 1081 (9th Cir.

2004). However, under the modified categorical approach we can examine the Amended Information and Guilty Plea, which "exclude the possibility" that Young's conviction for third-degree assault was for conduct that "did not involve substantial physical force and did not seriously risk physical injury." *Id.* at 1081. The Amended Information provides:

> In that you, on or about December 16, 1998, in the State of Washington, with criminal negligence did cause bodily harm to Jose Alcala, a human being, by means of a weapon or other instrument or thing likely to produce bodily harm.

Young's handwritten statement on the plea of guilty states: "December 16, 1998, [I] caused bodily harm to another by failing to be aware of the risk my behavior presented to the other person." Thus it is clear from Young's signed guilty plea and the Amended Information that Young caused bodily injury to another with a weapon, which suffices as "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

**[5]** 4.   Lastly, under de novo review, *United States v. Nielsen*, 371 F.3d 574, 582 (9th Cir. 2004), we conclude that the district court did not miscalculate Young's criminal history score by determining that his prior conviction for Driving Without a License in the Third Degree counted as one criminal history point pursuant to U.S.S.G. § 4A1.2(c). That Young's thirty-day sentence was suspended is irrelevant because the definition of "prior sentence" in the Guidelines includes suspended sentences that receive one criminal history point for each conviction. U.S.S.G. §§ 4A1.1(c), 4A1.2(a)(3); *United States v. Williams*, 291 F.3d 1180, 1194-95 (9th Cir. 2002) (explaining that suspended sentences count for criminal history purposes pursuant to § 4A1.2(a)(3)).

**AFFIRMED.**