**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Christopher M. PACKER, Defendant— Appellant.**

**No. 05–30520.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 16, 2006.*

Filed Aug. 31, 2006.

Jared C. Kimball, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Gerald R. Smith, Esq. Law Office of Gerald R. Smith, Spokane, WA, for Defendant–Appellant.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Christopher M. Packer appeals his conviction and sentence for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the district court's judgment.

Packer argues that the district court erred by denying his motion to suppress the shotgun found in the trunk of his car. We agree with the district court that probable cause existed to search the trunk based on Corporal Jones's investigation. *See United States v. Diaz–Rosas,* 13 F.3d 1305, 1307 (9th Cir.1994) (upholding warrantless search of trunk for contraband

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

686

based on probable cause); *United States v. Koshnevis,* 979 F.2d 691, 695 (9th Cir.1992) (same); *see also United States v. Hensley,* 469 U.S. 221, 230–31, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985) (explaining that investigating officer's probable cause determination is attributed to officers apprehending a suspect).

■ Packer also argues that the search violated his rights under the Washington Constitution because Washington does not recognize the automobile exception to the warrant requirement, and that his Fifth Amendment substantive due process rights were violated by the district court's failure to recognize his state constitutional protections. These arguments are foreclosed by *United States v. Chavez–Vernaza,* 844 F.2d 1368, 1373 (9th Cir.1987), which holds that federal law governs the admissibility of evidence in federal court, whether the evidence was obtained by state or federal law enforcement officials.

■ Packer also challenges his sentence, contending that the district court erred by finding that his prior convictions were predicate "violent felonies" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

Packer's statement in support of his plea to the assault charge establishes that his conduct presented a serious potential risk of physical injury to another person and is therefore a crime of violence. *See United States v. Young,* 420 F.3d 915, 917–18 (9th Cir.2005) (applying the modified categorical approach to Washington conviction for third degree assault by criminal negligence); *see also* Wash. Rev.Code § 9A.08.010(2) (providing that "[w]hen a statute provides that criminal negligence suffices to establish an element of an offense, such element is also established if a person acts intentionally, knowingly, or recklessly").

Moreover, Packer's two burglary convictions are per se crimes of violence under the ACCA. *See Taylor v. United States,* 495 U.S. 575, 598–99, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). While the record establishes that Packer was misinformed-at least at one point-about the maximum sentence for his 1990 burglary offense and his exposure under the counseled plea agreement was limited to one year of incarceration, this does not change the fact that the crime carried a ten-year penalty. The ACCA requires that the crime be "punishable by imprisonment for a term exceeding one year," § 924(e)(2)(B); it does not require that Packer be correctly informed of the maximum penalty for the offense and he cannot now collaterally attack the conviction. *See Custis v. United States,* 511 U.S. 485, 490–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding that a defendant has no right under the ACCA or the Constitution to attack his state convictions in a federal sentencing proceeding, unless the conviction was obtained in violation of his right to counsel).

Because we hold that Packer's assault and burglary convictions constitute violent felonies under the ACCA, we need not decide whether his robbery conviction also constitutes a crime of violence.

**AFFIRMED.**