**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lucio SANCHEZ–BELTRAN,**
**Defendant–Appellant.**

**No. 05–10165.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Dec. 18, 2006.

John N. Glang, USSJ–Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Katherine Anne Alfieri, Esq., San Francisco, CA, for Defendant–Appellant.

Lucio Sanchez–Beltran, FCIJ–Federal Correctional Institution, Jesup, GA, pro se.

Before: HUG, TASHIMA, and GOULD, Circuit Judges.

**550**

## MEMORANDUM *

Lucio Sanchez–Beltran ("Sanchez") was arrested in 1998 during an attempted sale by Sanchez and his co-conspirators of $260,000 worth of cocaine. Police executed a planned, pretextual stop of Sanchez's vehicle while it was en route to the delivery point. During the arrest, a handgun was found on the floor at Sanchez's feet, hidden under a floor mat. Sanchez pleaded guilty to an eight-count indictment, including the charge of unlawful carrying of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court sentenced him to 384 months' imprisonment. Sanchez now appeals the judgment and sentence, contending that the district court did not establish a factual basis for the guilty plea and misstated an element of the offense. He also contends that he was incompetent to enter a guilty plea and to be sentenced, that the district court committed sentencing errors, and that the sentence was unreasonable. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm both the judgment and the sentence.

### I. Guilty Plea

█ Sanchez first argues that the district court failed to establish a proper factual basis for his plea of guilty to the gun charge, as required by Federal Rule of Criminal Procedure 11. Specifically, he contends that there is no evidence to support a finding that he knowingly possessed the gun or that the gun was intended to facilitate or further the underlying trafficking offense. To determine if there is an adequate factual basis for the plea, we examine only whether the record establishes sufficient evidence to support the conclusion that Sanchez is guilty. *See*

United States v. Covian–Sandoval, 462 F.3d 1090, 1093 (9th Cir.2006). Specifically, we must determine whether there was sufficient evidence to support a conviction under 18 U.S.C. § 924(c), which requires a showing that Sanchez: (1) used or carried a firearm; (2) during and in relation to a drug trafficking crime. *United States v. Aquino*, 242 F.3d 859, 867 (9th Cir.2001). Because Sanchez did not object to the alleged Rule 11 violation, our review is limited to plain error. *United States v. Monzon*, 429 F.3d 1268, 1271 (9th Cir. 2005).

To "carry" a firearm, "one must have transported the firearm on or about his or her person. This means the firearm must have been immediately available for his use." *Aquino*, 242 F.3d at 867 (citation and internal quotation marks omitted). The gun, however, does not have to be on the defendant's person or within his immediate reach. The Supreme Court has held that a person carries a firearm when he "knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." *Muscarello v. United States*, 524 U.S. 125, 126–27, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). The defendant can be found to have had constructive possession of the firearm, if he exercised dominion and control over the firearm. *United States v. Young*, 420 F.3d 915, 917 (9th Cir.2005). The nexus between the gun and the underlying offense may be determined by examining "the proximity, accessibility, and strategic location of the firearm[ ] in relation to the locus of drug activities." *United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir.2006) (citation omitted).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

There is sufficient evidence to prove that Sanchez "carried" the firearm, as contemplated by § 924(c). Specifically, the evidence supports an inference that Sanchez knowingly possessed the gun and had dominion and control of it. It is highly improbable that Sanchez did not know of the gun's presence because it was in very close proximity to where he was seated and it was positioned in such a way that he could easily make use of it. Further, he continually attempted to reach down to the floor, in the direction of the gun. A trier of fact could infer from these actions that Sanchez knew about the gun at his feet and was reaching for it in an attempt to hide it or use it against the police officers.

■ Moreover, there is sufficient evidence to support a finding that the gun was intended to facilitate the drug trafficking offense in progress because the gun was found in the same car as money being used to purchase the drugs, and it was found during the active commission of the trafficking offense. *See United States v. Krouse,* 370 F.3d 965, 968 (9th Cir.2004) (holding that firearms located within easy reach in a room containing drugs were "in furtherance of" drug trafficking because they were available for use if needed during a drug transaction). Because a trier of fact could have found that Sanchez carried the gun and that the gun was intended to facilitate the offense, we conclude that Sanchez's plea was supported by an adequate factual basis.

■ Sanchez also argues that the district court misled him into believing that if he could have reached the gun, he was guilty of "carrying" it under § 924(c). We disagree. Although the district court mistakenly stated at one point that the government would only have to prove that the weapon was within Sanchez's reach, the court, with the government's assistance, immediately clarified the proper definition of "carry." Sanchez confirmed that he understood this. Moreover, a review of the entirety of the proceedings reveals that the court was careful to ensure that it properly stated the elements of the remainder of the offense and that Sanchez understood them. There was no error.

## II. Competency to Plead Guilty and Be Sentenced

■ Sanchez argues that he was mentally incompetent at the time he entered his guilty plea because he was on medication. Our review is for clear error, and we find no error. Two experts, one from each side, agreed that Sanchez was competent to stand trial. This is a sufficient basis from which to conclude that Sanchez was competent when he entered his guilty plea. *See United States v. Timbana,* 222 F.3d 688, 701 (9th Cir.2000).

■ Sanchez also argues that he was mentally incompetent to be sentenced because during the sentencing proceedings, he stated that the drugs were not his but that he was guilty. Sanchez does not allege nor does he present evidence to show that he did not understand the sentencing proceedings or was unable to participate intelligently. *See Chavez v. United States,* 656 F.2d 512, 518 (9th .Cir.1981). The district court committed no error.

## III. Alleged Sentencing Errors

We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006). We review the court's application of the Sentencing Guidelines to the facts of a case for abuse of discretion. *Id.* The court's factual findings are reviewed for clear error. *Id.* Finally, the ultimate sentence is reviewed for reasonableness. *United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738,

160 L.Ed.2d 621 (2005); *Cantrell*, 433 F.3d at 1279.

■ Sanchez argues that the district court erred by treating the Guidelines range as the presumptive sentence and not considering the 18 U.S.C. § 3553(a) factors, thereby rendering the sentence unreasonable. Assuming that treating the Guidelines range as the presumptive sentence is error, we find no basis in the record to conclude that the district court treated the Guidelines range as the presumptive sentence. In determining the sentence, the court carefully considered various § 3553(a) factors throughout the sentencing proceeding. The court also explicitly found that "the sentence is reasonable having considered the Guidelines and the various factors that are set forth in 18 U.S.C. § 3553(a)." Because the court did not treat the Guidelines as presumptive and properly considered the § 3553(a) factors in determining Sanchez's sentence, the court imposed a reasonable sentence.

■ Sanchez also argues that the district court erred in deferring consideration of his rendering of substantial assistance. The record reveals, however, that the court did account for Sanchez's assistance when it considered the sentencing range under the advisory Guidelines. In imposing a sentence in the middle of the advisory Guidelines range, the court noted that "but for [Sanchez's] assistance to date this would be a high end case." Further, the district court's ability to depart downward for substantial assistance was curtailed by the government's failure to move for such a departure, and Sanchez does not allege any arbitrariness or unconstitutional motivation on the part of the government in failing to so move. *See United States v.*

*Cruz–Guerrero*, 194 F.3d 1029, 1031 (9th Cir.1999).

■ Finally, Sanchez contends that the district court erred in imposing the manager enhancement. He did not object to this factual finding at sentencing. Absent such an objection, we may consider the issue only in the presence of "exceptional circumstances." *United States v. Scrivener*, 189 F.3d 944, 953 (9th Cir.1999) (citation and internal quotation marks omitted). As Sanchez alleges none, we may not review the finding.

The judgment of conviction and the sentence are

**AFFIRMED.**