**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10216 |
| Plaintiff - Appellee, | D.C. No. 2:06-CR-00310-HDM-PAL |
| v. | |
| JOSEPH HALL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada, Las Vegas
Howard D. McKibben, District Judge, Presiding

Submitted August 12, 2010[**]
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

Joseph Hall appeals his conviction on one count (Count 3) of the indictment

and his sentence for all three counts of his conviction for possession with intent to

distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Hall contends that there was insufficient evidence to convict him of Count 3 of the indictment, which charged Hall with possession with intent to distribute 50 grams or more of crack cocaine on August 23, 2006. We review claims of insufficient evidence de novo. *See United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam). "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks, citation, and emphasis omitted).

The crack cocaine referred to in Count 3 was recovered pursuant to a search warrant executed on the apartment where Hall was staying. A rational trier of fact could have found beyond a reasonable doubt that Hall had constructive possession of the crack cocaine because: (1) Hall was the only person that the police observed over several days who had keys to the apartment; (2) police observed Hall going into the apartment and staying inside it; (3) the cocaine was found in a large bag along with money used by an undercover policeman to buy cocaine from Hall just the day before; and (4) Hall had recently sold cocaine to an undercover policeman twice. Viewing the evidence in the light most favorable to the prosecution, this is

sufficient evidence from which a rational trier of fact could have found Hall had

constructive possession of the cocaine. *See United States v. Young*, 420 F.3d 915,

917 (9th Cir. 2005); *United States v. Scott*, 74 F.3d 175, 178 (9th Cir. 1996).

Hall contends that he did not knowingly and intelligently waive his right to

counsel when he decided to represent himself at sentencing. The trial judge

conducted a proper *Faretta*[1] hearing to determine Hall's competence to represent

himself. We review the validity of a *Faretta* waiver de novo. *United States v.*

*Erskine*, 355 F.3d 1161, 1166 (9th Cir. 2004). On appeal, the burden of

establishing the validity of a waiver of counsel is on the government, and the court

should "indulge in every reasonable presumption against waiver." *United States v.*

*Forrester*, 512 F.3d 500, 506 (9th Cir. 2008) (internal quotation marks omitted).

In evaluating the validity of a defendant's waiver of his right to counsel, we

review whether the district court insured that the defendant understood the nature

of the charges against him, the possible penalties, and the dangers and

disadvantages of self-representation. *Id.* However, "[n]either the Constitution nor

*Faretta* compels the district court to engage in a specific colloquy with the

defendant." *Lopez v. Thompson*, 202 F.3d 1110, 1117 (9th Cir. 2000) (en banc).

Furthermore, the district court should focus on the defendant's understanding of

---

[1] *Faretta v. California*, 422 U.S. 806, 808–09 (1975).

3

the importance of counsel, rather than the defendant's understanding of the substantive law or the procedural details. *Id.* at 1119.

The record demonstrates that Hall understood the nature of the charges against him. He had the trial transcript and the Presentence Report, and he had been present at the proceedings. Also, the district court explained to Hall that the court would consider prior convictions when fashioning Hall's sentence. Hall also understood the possible penalties he faced, as the district court discussed with Hall that he might receive a life sentence as recommended in the Presentence Report. The district court also granted Hall's request for the grand jury transcripts and the police reports for his prior convictions and his request that he be allowed to use the law library while in jail to prepare for the sentencing hearing. The district court extensively warned Hall about the dangers and disadvantages of self-representation in a colloquy during his *Faretta* hearing. The district court also appointed the counsel that had represented Hall at trial to remain as stand-by counsel to advise Hall. Importantly, neither Hall, his attorney, nor anyone else ever advised the district court that Hall was not mentally competent to represent himself, nor does the record reveal any reason to think that he was not competent.

Hall contends that the government failed to prove his prior felony drug convictions, which were used to enhance his sentence to life without the possibility

of parole. We review de novo whether sufficient evidence supports the finding that a defendant had been convicted of a crime. *United States v. Okafor*, 285 F.3d 842, 847 (9th Cir. 2002). "Evidence of the prior conviction is sufficient if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the fact of the prior conviction beyond a reasonable doubt." *Id* at 847-48.

Based on the documents of conviction provided by the government regarding Hall's prior convictions, the fact that Hall admitted that he was the person named in those documents, and the fact that Hall failed to raise valid objections to his prior convictions, the district court did not err in finding that the government proved Hall's two California felony drug convictions beyond a reasonable doubt.

Next, Hall contends that 21 U.S.C. § 841, the statute of conviction, violates the Eighth and Fourteenth Amendments. We review the constitutionality of criminal statutes de novo. *United States v. Harding*, 971 F.2d 410, 412 (9th Cir. 1992). We have already upheld the constitutionality of a life sentence pursuant to 21 U.S.C. § 841 under the Eighth and Fourteenth Amendments. *See Harding*, 971 F.2d at 414 (holding that greater sentences for possession of crack cocaine than for possession of powder cocaine do not deny equal protection under the Fourteenth

5

Amendment); *United States v. Van Winrow*, 951 F.2d 1069, 1071 (9th Cir. 1991) (per curiam) (holding that the disparity in sentencing between crack cocaine and powder cocaine is a rational distinction and that sentences based on it are not disproportionate in violation of the Eighth Amendment).

Finally, we note there is new legislation just passed by Congress to reduce the disparity between sentencing for powder cocaine and crack cocaine. Fair Sentencing Act of 2010, S. 1789, 111th Cong. (2010). This legislation will not affect Hall's sentence, however, because: (1) he is a career offender, and the new legislation does not change the mandatory life sentence; and (2) the new legislation is not retroactive. Thus, the new legislation does not present a reason for us to remand this case.

**AFFIRMED.**