**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10129 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00677-CRB |
| v. | |
| DORIS AKUYOMA ANYANWU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10130 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00677-CRB |
| v. | |
| ANDREW IHENTUGE ASHIEGBU, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted September 10, 2010
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Appellant Andrew Ashiegbu (Ashiegbu) challenges his convictions for making a false statement on an immigration document, and conspiring to make a false statement to a federal agency. Appellant Doris Anyanwu (Anyanwu) challenges her convictions for making a false statement on an immigration document, making a false statement to a federal agency, and conspiring to make false statements to a federal agency.

1.      The district court did not abuse its discretion when it admitted Ashiegbu's 1995 declaration pursuant to Fed. R. Evid. 404(b), as the declaration was probative of Ashiegbu's *modus operandi* in making false statements to obtain citizenship for his relatives. *See United States v. Gonzalez*, 533 F.3d 1057, 1064 (9th Cir. 2008) ("Beyond propensity, the evidence established a way of behavior that could be reasonably relied upon by a juror to convict [Ashiegbu] of the charged offenses.").

The district court also considered whether the declaration was more probative than prejudicial pursuant to Fed. R. Evid. 403. *See United States v. Cherer*, 513 F.3d 1150, 1159 (9th Cir. 2008) ("In allowing Rule 404(b) evidence, a district court is not required to recite the corresponding Rule 403 balancing analysis for the record. It is enough that this court can conclude, based on a review

2

of the record, that the district court considered Rule 403's requirements." ) (citation and parentheses omitted).

2.      Because Ashiegbu did not testify, the district court correctly applied Fed. R. Evid. 404(b) in lieu of Fed. R. Evid. 608 in admitting the 1995 declaration. *See United States v. Scott*, 74 F.3d 175, 177 (9th Cir. 1996) ("Federal Rule of Evidence 608(b) specifically contemplates inquiries into prior behavior in order to challenge a witness's credibility.") (citation and alterations omitted).

3.      Allowing the government to appeal to fairness and societal problems in its closing argument was not plain error warranting reversal of Ashiegbu's conviction. *See United States v. Inzunza*, 580 F.3d 894, 910 (9th Cir. 2009).

4.      As conceded by Ashiegbu in his reply brief, the government did not argue that Ashiegbu could be convicted even if he had no knowledge of the false statement.

5.      There was sufficient evidence supporting the convictions as "*any* rational

trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (citations omitted) (emphasis in the original).

**6.** The district court's error in adding an extraneous "not" to Ninth Circuit Model Criminal Jury Instruction 3.5 on reasonable doubt does not compel reversal of the appellants' convictions because the instructions clearly conveyed the government's burden. *See United States v. Soto*, 519 F.3d 927, 932 (9th Cir. 2008) ("Here, the district court repeatedly emphasized the government's burden to prove all elements of the offense beyond a reasonable doubt. In light of those clear jury instructions . . . there is no likelihood that the jury understood that any lower standard of proof could suffice.") (footnote reference omitted).

**7.** We decline to alter the model instruction on reasonable doubt pursuant to our supervisory powers. The instruction's exclusion of speculation as a basis for reasonable doubt comports with the law. *See Ramirez v. Hatcher*, 136 F.3d 1209, 1212-13 (9th Cir. 1998) ("The Supreme Court has expressly approved this contrast between reasonable doubt and mere possible doubt, and doubt that does not rise

above pure speculation is not reasonable.") (citations and internal quotation marks omitted).

**8.** Because the district court's evidentiary rulings were proper, the prosecutor's comments did not affect the trial, and the district court adequately instructed the jury on reasonable doubt, "[t]here is no cumulative error warranting reversal." *United States v. Ganoe*, 538 F.3d 1117, 1127 (9th Cir. 2008) (citation omitted).

**AFFIRMED.**