**NOT FOR PUBLICATION**

APR 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10278 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00205-GEB |
| v. | |
| | MEMORANDUM* |
| THA BUN HENG, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10459 |
| Plaintiff - Appellee, | D.C. No. 2:04-CR-00205-GEB-8 |
| v. | |
| CHHOM MAO, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10171 |
| Plaintiff - Appellee, | D.C. No. 2:04-CR-00205-GEB-16 |
| v. | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CLEVIE EARL BUCKLEY, Jr.,

Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted March 14, 2011
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

Chhom Mao and Tha Bun Heng appeal their convictions for possessing at least 50 grams of cocaine base with the intent to distribute and distributing at least 50 grams of cocaine base and Clevie Earl Buckley appeals his convictions for the same violations as well as possessing at least 5 grams of cocaine base with the intent to distribute, all in violation of 21 U.S.C. § 841(a)(1).  We have jurisdiction under 28 U.S.C. § 1291.  We review *de novo* Buckley's sufficiency of the evidence claim.  *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000).  We review for abuse of discretion claims regarding the limiting of the cross-examination of a government witness by Heng and Mao.  *United States v. Larson*, 495 F.3d 1094, 1101-02 (9th Cir. 2007) (en banc).  We affirm.

The evidence at trial was sufficient to support Buckley's convictions for possessing cocaine base and possessing cocaine base with an intent to distribute, in

2

violation of 21 U.S.C. § 841(a)(1). To determine sufficiency of the evidence for a conviction, the court looks at whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Here, a rational juror could have found the essential elements of drug possession and possession with intent to distribute because (1) cocaine was found in Buckley's car and he was the only occupant of that car; (2) cocaine was found next to Buckley's car on the ground by Buckley's shoe after Buckley jumped out of the car; and (3) Mao went to Buckley's car empty-handed and then left Buckley's car holding a bag containing 210 grams of cocaine base in eight separate bags. *See United States v. Young*, 420 F.3d 915, 917 (9th Cir. 2005) (finding constructive possession of contraband where the defendant had exclusive control over the place where the contraband was found); *United States v. Hursh*, 217 F.3d 761, 767-68 (9th Cir. 2000) (holding the evidence was sufficient to show that the defendant knew of narcotics in his car because he was the driver and sole occupant to the car).

Next, even if the district court erred in limiting the cross-examination of the government's informant, any error was harmless because the jury had sufficient

information to assess the informant's credibility.  *See Larson*, 495 F.3d at 1108

(holding error was harmless beyond a reasonable doubt).

**AFFIRMED.**