NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2011[*]
Decided May 31, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

Nos. 10-3223 & 11-1202

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | Nos. 09 CR 50044, 10 CR 50016-1 |
| BRIAN E. CAIN & CHARLES DAVIS, *Defendants-Appellants.* | Frederick J. Kapala, *Judge.* |

**O R D E R**

Brian Cain and Charles Davis appeal their respective convictions and sentences after they both pleaded guilty to possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Cain to the 120-month mandatory minimum and Davis to a within-Guidelines sentence of 290 months. We consolidated their appeals because both men challenge their sentences only on the ground that the court erred by

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

refusing to apply retroactively the reduced statutory penalties under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).

On appeal Cain and Davis contend that the district court erred by refusing to apply the Fair Sentencing Act, which took effect on August 3, 2010—before both men's sentencing (Cain's in September 2010, and Davis's in January 2011). But application of the Act turns on "the date of the underlying criminal conduct, not the date of sentencing." *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011). *See also United States v. Acoff*, 634 F.3d 200, 202 (2d Cir. 2011). The Act does not apply retroactively to defendants like Cain and Davis, whose offenses (Cain's in October 2009, Davis's in late 2009 through early 2010) predated the Act's effective date. *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010). Our sister circuits agree. *United States v. Bullard*, No. 09-5214, 2011 WL 1718894, at *9-*11 (4th Cir. May 6, 2011); *United States v. Goncalves*, No. 10-1367, 2011 WL 1631649, at *5-*7 (1st Cir. Apr. 28, 2011); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011); *United States v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010); *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied*, 2011 WL 247213 (U.S. Mar. 28, 2011); *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010), *cert. denied*, 2011 WL720994 (U.S. Mar. 28, 2011); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010), *cert. denied*, 2011 WL 742960 (U.S. Apr. 4, 2011); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), *cert. denied*, 2011 WL 516593 (U.S. Mar. 21, 2011). *See also United States v. Hall*, 403 F. App'x 214, 217 (9th Cir. 2010) (nonprecedential disposition).

AFFIRMED.