**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles NEWCOMB, Defendant–Appellant.**

**No. 10–3051.**

United States Court of Appeals, Seventh Circuit.

Submitted May 19, 2011.*

Decided June 9, 2011.

Maribel Fernandez–Harvath, Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Heather L. Winslow, Attorney, Chicago, IL, for Defendant–Appellant.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2)(C).

Before WILLIAM J. BAUER, Circuit Judge, MICHAEL S. KANNE, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge.

## ORDER

In July 2009, Charles Newcomb pleaded guilty to distributing a controlled substance, 21 U.S.C. § 841(a)(1), and stealing government property, 18 U.S.C. § 641. The district court conducted an evidentiary hearing and concluded that the controlled substance was crack. The court then sentenced Newcomb to 240 months' imprisonment.

On appeal, Newcomb argues only that the district court erred by refusing to apply the Fair Sentencing Act of 2010, Pub.L. No. 111–220,124 Stat. 2372, which President Obama signed into law two weeks before Newcomb was sentenced. Newcomb acknowledges, however, that he raises the issue only to preserve it for Supreme Court review. We have already held that the Fair Sentencing Act does not apply to defendants who committed their offense before the act became law, and who were sentenced prior to the act's passage. *United States v. Bell*, 624 F.3d 803, 814 (7th Cir.2010), *cert. denied,* — U.S. ——, 131 S.Ct. 2121, 179 L.Ed.2d 913 (2011). Our sister circuits agree. *United States v. Bullard*, 645 F.3d 237, 247– 49 (4th Cir.2011); *United States v. Goncalves*, 642 F.3d 245, 251–55 (1st Cir.2011); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir.2011); *United States v. Reevey*, 631 F.3d 110, 114–15 (3d Cir.2010), *cert. denied sub nom. Williams v. United States,* — U.S. ——, 131 S.Ct. 2947, 180 L.Ed.2d 236 (2011); *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir.2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir.2010), *cert. denied,* — U.S. ——, 131 S.Ct. 1790, 179 L.Ed.2d 660 (2011); *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir.2010), *cert. denied,* — U.S. ——, 131 S.Ct. 1805, 179 L.Ed.2d 670 (2011); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir.2010), *cert. denied,* — U.S. ——, 131 S.Ct. 1833, 179 L.Ed.2d 788 (2011); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir.2010), *cert. denied,* — U.S. ——, 131 S.Ct. 1706, 179 L.Ed.2d 637 (2011). *See also United States v. Hall*, 403 Fed.Appx. 214, 217 (9th Cir.2010), *cert. denied,* — U.S. ——, 131 S.Ct. 2476, 179 L.Ed.2d 1234 (2011) (nonprecedential disposition). We have also held that the Fair Sentencing Act does not apply to individuals, like Newcomb, whose conduct preceded the act, but who were sentenced after its enactment date. *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir.2011), *reh'g en banc denied,* — U.S. ——, — S.Ct. ——, — L.Ed.2d ——, 2011 WL 2022959 (7th Cir.2011).

AFFIRMED.