**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2011[*]
Decided June 9, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3051

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:07-cr-00352-1 |
| CHARLES NEWCOMB, *Defendant-Appellant.* | Robert W. Gettleman, *Judge.* |

**O R D E R**

In July 2009, Charles Newcomb pleaded guilty to distributing a controlled substance, 21 U.S.C. § 841(a)(1), and stealing government property, 18 U.S.C. § 641. The district court conducted an evidentiary hearing and concluded that the controlled substance was crack. The court then sentenced Newcomb to 240 months' imprisonment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

On appeal, Newcomb argues only that the district court erred by refusing to apply the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which President Obama signed into law two weeks before Newcomb was sentenced. Newcomb acknowledges, however, that he raises the issue only to preserve it for Supreme Court review. We have already held that the Fair Sentencing Act does not apply to defendants who committed their offense before the act became law, and who were sentenced prior to the act's passage. *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010), *cert. denied*, 2011 WL 845911 (U.S. Apr. 18, 2011). Our sister circuits agree. *United States v. Bullard*, No. 09-5214, 2011 WL 1718894, at *9-*11 (4th Cir. May 6, 2011); *United States v. Goncalves*, No. 10-1367, 2011 WL 1631649, at *5-*7 (1st Cir. Apr. 28, 2011); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011); *United States v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010), *cert. denied sub nom. Williams v. United States*, 2011 WL 1704557 (U.S. May 31, 2011); *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1790 (2011); *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 1805 (2011); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1833 (2011); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1706 (2011). *See also United States v. Hall*, 403 F. App'x 214, 217 (9th Cir. 2010), *cert. denied*, 2011 WL 1511787 (U.S. May 16, 2011) (nonprecedential disposition). We have also held that the Fair Sentencing Act does not apply to individuals, like Newcomb, whose conduct preceded the act, but who were sentenced after its enactment date. *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011), *reh'g en banc denied*, 2011 WL 2022959 (7th Cir. May 25, 2011).

AFFIRMED.