NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 21, 2012
Decided September 25, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3051

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

CHARLES NEWCOMB,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Northern District of
Illinois, Eastern Division.

No. 07 CR 352

Robert W. Gettleman,
*Judge.*

**ORDER**

Charles Newcomb pled guilty to one count of distributing a controlled substance in violation of 21 U.S.C. § 841 (Count One) and one count of theft of government property in violation of 18 U.S.C. § 641 (Count Two). At his sentencing hearing on August 19, 2010, the district court found Newcomb responsible for 51.9 grams of crack cocaine. The court also concluded that Newcomb was a career offender under U.S.S.G. § 4B1.1. The resulting criminal history of VI yielded an advisory guideline range of 262 to 327 months' imprisonment. Newcomb argued that the Fair Sentencing Act, signed into law two weeks

before his sentencing, applied to him. The district court disagreed. Without the Fair Sentencing Act, the statutory maximum penalty for Count One was 240 months and for Count Two was 120 months. 21 U.S.C. § 841(b)(1)(C)(2009). Because the statutory maximum sentence of 240 months was less than the low end of the otherwise-applicable guideline range, the statutory maximum sentence of 240 months became the guideline range. U.S.S.G. § 5G1.1(a) (2009). At the conclusion of the sentencing hearing, the district court sentenced Newcomb to 240 months' imprisonment on Count One and 120 months' imprisonment on Count Two, to run concurrently.

Newcomb appealed, arguing that the district court erred by declining to apply the Fair Sentencing Act of 2010, which became law two weeks before Newcomb was sentenced. Because of our case law at the time holding that the Fair Sentencing Act did not apply to persons like Newcomb whose conduct preceded the statute but who were sentenced after its enactment, *see United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), we affirmed Newcomb's sentence. *United States v. Newcomb*, No. 10-3051 (7th Cir. June 9, 2011) (unpublished). Newcomb filed a petition for a writ of certiorari with the United States Supreme Court. The Supreme Court granted Newcomb's petition and remanded to our court for further consideration in light of its decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), that the Fair Sentencing Act applies to a defendant sentenced after that statute's enactment even if the defendant's conduct preceded it.

Both parties have filed position statements in light of *Dorsey*. They agree that under *Dorsey*, Newcomb should have been sentenced under the Fair Sentencing Act. But while Newcomb maintains his case must be remanded to determine if the district court would still have found a 240-month sentence reasonable after *Dorsey*, the government contends any error was harmless.

We will remand cases after *Dorsey* when we are not convinced that a defendant's sentence would have been the same had the district court applied the Fair Sentencing Act. *United States v. Jones*, 696 F.3d 695, 702 (7th Cir. 2012). On the other hand, when a district court makes it clear that it would have imposed the same sentence regardless of the Fair Sentencing Act's application, the *Dorsey* error is harmless. *United States v. Foster*, 701 F.3d 1142, 1157-58 (7th Cir. 2012). The Fair Sentencing Act amended 21 U.S.C. § 841(b)(1) to provide, as relevant here, that 280 grams of cocaine base triggers a ten-year mandatory minimum sentence and that 28 grams of cocaine base triggers a five-year mandatory minimum. As a result, instead of facing a ten-year mandatory minimum sentence, Newcomb should have faced a five-year mandatory minimum sentence. Notably, however, his maximum sentence of 240 months remained the same under the Fair Sentencing Act, and his guideline range of 240 months remained the same as well. *See* U.S.S.G. § 4B1.1(b).

Although the district court did not explicitly state that it would have imposed the same sentence if the Fair Sentencing Act applied to Newcomb, it is clear from the sentencing hearing that it would have. Noting the 240-month statutory maximum sentence, the district court stated at the sentencing hearing, "When I first looked at the presentence report, I'll tell you right now, [the probation officer] was recommending a 360-month sentence for you based on the guidelines and everything else. And very frankly, I was inclined to impose that sentence on you. And I am glad that I don't have to." The district court discussed Newcomb's multiple prior drug convictions and multiple instances of flight from law enforcement, including his flight in this case that injured an innocent woman. Noting that the guideline range but for the statutory maximum was 262 to 327 months, the court stated that Newcomb "could be looking at even much longer than [the 240 months] the government is recommending." The court ultimately imposed a 240-month sentence and explained, "I think that recommendation [240 months] makes sense to me in this case. I think it's in line with the type of sentence that would be imposed for people who find themselves in your situation and with your history and the nature of the crime itself, which is a repetitive crime. It's something that's happened throughout your life, and that you didn't learn the lesson. You knew, you knew your background as much as anybody else when you did the deal that brings you here today." The district court also stated that it "could not give [Newcomb] the kind of break you might like me to give you . . . based on the totality of the facts of this case." The district court stated that the 240-month sentence, although imposed with a heavy heart, was "a just and proper sentence for all the reasons, not just from the guidelines, because this is really a below-guidelines range, the maximum statutory guideline range, but to reflect the seriousness of this offense and to take into account your own background and the deterrent effect."

The transcript of the sentencing hearing makes clear that the statutory mandatory minimum had no effect on Newcomb's sentence. The district court's explanation for the sentence it chose makes clear that the district court would not have chosen a lesser sentence had it known that Newcomb faced only a five-year mandatory minimum, and we also find it notable that the Fair Sentencing Act had no effect on Newcomb's guideline range. In this case, we have no doubt that the sentence would have been the same had the district court known that the Fair Sentencing Act applied to Newcomb, and so we find the error harmless. *See United States v. Hill*, 645 F.3d 900, 912 (7th Cir. 2011) ("When we are convinced that the sentence would have been the same absent the error, we deem the error harmless."); *see also Foster*, 701 F.3d at 1157-58 (finding *Dorsey* error harmless where it was clear district court would have imposed same sentence had it applied the Fair Sentencing Act).

The judgment of the district court is **AFFIRMED**.