# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1991

_____

United States of America,          *
                                    *
            Appellee,               *
                                    *    Appeal from the United States
      v.                            *    District Court for the
                                    *    Northern District of Iowa.
Jose Armando Sanchez-Briones,       *
                                    *    [UNPUBLISHED]
            Appellant.              *

_____

Submitted: May 31, 2005
Filed: June 7, 2005

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

      Jose Sanchez-Briones challenges the sentence imposed by the district court[1] upon his guilty plea to an illegal-reentry charge. His counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and Sanchez-Briones has moved for leave to file an amended Anders brief to address issues raised by Blakely v. Washington, 124 S. Ct. 2531 (2004).

_____

      [1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

For reversal, counsel argues that a criminal history point assessed because Sanchez-Briones committed the instant offense within 2 years of his release from imprisonment in June 2001 was plain error, because the instant offense was not committed until July 2003, when Sanchez-Briones was found in the United States. However, illegal reentry is an ongoing offense, beginning on the date of reentry and not ending until the alien is found in the United States. See U.S.S.G. § 4A1.1, comment. (n.5) (additional point is proper if defendant committed any relevant conduct less than 2 years after release); United States v. Estrada-Quijas, 183 F.3d 758, 761 (8th Cir. 1999) (crime of reentry under 8 U.S.C. § 1326 is ongoing offense that continues until alien is discovered by authorities). Sanchez-Briones admitted at his plea hearing that he reentered in July 2001, and he did not object to the presentence report's statement that he reentered in July 2001 after being released from imprisonment in June 2001. See Fed. R. Crim. P. 32(i)(3)(A) (district court may accept any undisputed portion of PSR as finding of fact).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm, deny the motion to file an amended Anders brief, and grant counsel's motion to withdraw.

_____