# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4357

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Hector Alba-Esqueda, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 16, 2006
Filed: August 10, 2006

_____

Before WOLLMAN, BRIGHT, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Hector Alba-Esqueda pleaded guilty in the district court[1] to being found in the United States after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He appeals, arguing that the district court erred in applying Sections 4A1.1(d) and (e) of the United States Sentencing Guidelines (U.S.S.G.). We affirm.

Alba-Esqueda is a Mexican national who has been deported several times, most recently in October 2002. He later returned to the United States. In February 2004,

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

Alba-Esqueda was briefly incarcerated and placed on probation for state drug offenses in California. On March 3, 2005, he was arrested in Iowa on a state weapons charge. He initially gave law enforcement officials a false name, but after an investigation, immigration authorities discovered his true identity and that he was in the country illegally.

Following Alba-Esqueda's guilty plea, the presentence report placed him in criminal history category VI, resulting in an sentencing guideline range of seventy-seven to ninety-six months. The criminal history score was the result of the assessment of two criminal history points pursuant to U.S.S.G. § 4A1.1(d) and one criminal history point pursuant to U.S.S.G. § 4A1.1(e). The district court sentenced Alba-Esqueda to seventy-seven months' imprisonment.

On appeal, Alba-Esqueda argues that, because he did not engage in any new criminal activity while on probation or following his release from imprisonment in 2004, the district court erred in assessing the criminal history points under U.S.S.G. §§ 4A1.1(d) and (e). We review *de novo* the district court's application of the guidelines. United States v. Scott, 448 F.3d 1040, 1043 (8th Cir. 2006).

Section 4A1.1 (d) provides that two criminal history points should be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, . . . [or] imprisonment." If the two points are assessed under 4A1.1(d), the following section, 4A1.1(e), adds an additional point "if the defendant committed the instant offense less than two years after release from imprisonment . . . or while in imprisonment" on a sentence of at least sixty days' imprisonment. The application notes following these provisions indicate that the points are to be added "if the defendant committed any part of the instant offense (i.e. any relevant conduct)" during the specified time periods.

The crime of reentry under § 1326 is an ongoing offense that continues until a person is discovered by authorities. United States v. Estrada-Quijas, 183 F.3d 758, 761 (8th Cir. 1999). Accordingly, Alba-Esqueda was engaged in "relevant conduct" the entire time he was in the United States until he was discovered. Because some of this relevant conduct occurred while Alba-Esqueda was in prison and on probation, the district court correctly added the two criminal history points pursuant to § 4A1.1(d). Similarly, because some of this relevant conduct occurred within two years after Alba-Esqueda was released from imprisonment, the district court correctly added the additional criminal history point pursuant to § 4A1.1(e). This result is consistent with the holdings of the other circuits that have considered similar arguments. See United States v. Scott, 387 F.3d 139, 141-43 (2d Cir. 2004); United States v. Rosales-Garay, 283 F.3d 1200, 1202-03 (10th Cir. 2002); United States v. Coeur, 196 F.3d 1344, 1345-46 (11th Cir. 1999); United States v. Cuevas, 75 F.3d 778, 784 (1st Cir.1996); United States v. Santana-Castellano, 74 F.3d 593, 595-98 (5th Cir.1996).

The sentence is affirmed.

_____