**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4203**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

RICARDO CENTENO-VILLANUEVA, a/k/a Ricardo Villanueva,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.   (5:07-cr-00051-RLV-DCK-1)

Submitted:  September 4, 2009      Decided:  November 24, 2009

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Angela Parrott, Cecilia Oseguera, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Centeno-Villanueva pled guilty to illegally reentering the United States after having been deported subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b) (2006). He was sentenced to seventy-seven months' imprisonment. Centeno-Villanueva now appeals, arguing that the district court erred in relying upon his 1992 conviction for taking indecent liberties with a minor to add three criminal history points to the Sentencing Guidelines calculation for his current offense. According to Centeno-Villanueva, he may have left the United States following his arrests in 2000 or 2004 and reentered again before being arrested in 2007. If this occurred, his 1992 conviction may well have preceded Centeno-Villanueva's most recent reentry into the United States by more than fifteen years, thus disqualifying it from consideration in the assessment of Centeno-Villanueva's Guidelines range.

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, the appellate court must first ensure that the district court committed no significant procedural error, such as failing to calculate or improperly calculating the Guidelines range. Gall,

2

552 U.S. at 51. District courts are obliged to make factual determinations supporting the calculation of a defendant's advisory guidelines range by a preponderance of the evidence. United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009). These factual determinations by the district court are reviewed for clear error and will be reversed only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotations and citations omitted).

According to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(e)(1), for purposes of calculating criminal history, "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." USSG § 4A1.2(e)(1). The Government concedes that Centeno-Villanueva's exact reentry date into the United States is unknown. However, the uncontested facts in the record are that Centeno-Villanueva was originally convicted of indecent liberties in North Carolina in 1992, was subsequently deported, and was thereafter arrested in North Carolina in 2000, 2004, and 2007. This is strong circumstantial evidence from which the district court could conclude that Centeno-Villanueva illegally reentered the United States after 2000 or 2004 and failed to

leave the country.  See United States v. Levenite, 277 F.3d 454, 468 (4th Cir. 2002).

In the district court, Centeno-Villanueva failed to offer any evidence to rebut the district court's fact finding that he illegally reentered the United States in either 2000 or 2004 and failed to leave after commencing a § 1326 offense.  "If the district court relies on information in the presentence report (PSR) in making findings, the defendant bears the burden of establishing that the information relied on by the district court in making its findings is incorrect; mere objections are insufficient."  United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999).  On appeal, Centeno-Villanueva merely asserts that he may have left the country, and therefore, the district court erred.  His bare assertion of what may have occurred is insufficient to establish a "definite and firm conviction" that the district court committed a mistake in applying three criminal history points for his 1992 conviction.  See Harvey, 532 F.3d at 336-37.  Accordingly, we affirm the judgment of the district court.  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4