# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1791

_____

United States of America,

           Appellee,

     v.

Tyler Brown,

           Appellant.

\* Appeal from the United States
\* District Court for the
\* District of South Dakota.
\*
\* [UNPUBLISHED]

_____

Submitted: October 7, 2010
Filed: October 12, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Tyler Brown guilty of conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the district court[1] imposed the statutory mandatory minimum sentence of 120 months in prison. On appeal, defense counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court should have sentenced Brown below the mandatory minimum using a one-to-one ratio of crack cocaine to powder cocaine to determine the drug

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

penalty; the government violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), by waiting until the morning of trial to provide a witness's rap sheet; and another witness gave false testimony before the grand jury. In pro se supplemental filings, Brown argues that counsel rendered ineffective assistance, the court should have sentenced him below the statutory minimum, and the court should have applied a November 2010 Guidelines amendment in calculating his criminal history score. We affirm.

Section 841 has been amended to raise the threshold for imposition of a 120-month minimum prison sentence, <u>see</u> Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372, 2372 (Aug. 3, 2010), but the amendment was not made retroactive, <u>see</u> <u>United States v. Carradine</u>, No. 08-3220, 2010 WL 3619799, at *4-5 (6th Cir. Sept. 20, 2010) (general savings statute, 1 U.S.C. § 109, requires application of penalties in place at time crime was committed unless new enactment expressly provides for its own retroactive application; Fair Sentencing Act of 2010 contains no express statement that it is retroactive and no such express intent can be inferred from its plain language). Thus the statutory minimum existing at the time the offense was committed governs.

We also find no <u>Brady</u> violation, much less a reversible one, <u>see</u> <u>United States v. Greatwalker</u>, 356 F.3d 908, 911-12 (8th Cir. 2004) (per curiam), and any perjured testimony before the grand jury was rendered harmless by the petit jury's guilty verdict, <u>see</u> <u>United States v. Wilson</u>, 565 F.3d 1059, 1070 (8th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 1052 (2010). As to the ineffective-assistance claims, these matters are not properly raised in this direct criminal appeal, <u>see</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006); and Brown was not entitled to the benefit of a Guidelines amendment that was not in effect at his sentencing (which would not have helped him anyhow in light of the mandatory minimum). Finally, having conducted our review under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment.

_____