**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4160**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

RONALD LEE WILSON, JR.,

              Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:09-cr-00023-WO-1)

Submitted: October 25, 2010        Decided: November 12, 2010

Before MOTZ, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert A. Broadie, CAROLINA LEGAL SOLUTIONS, High Point, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Lee Wilson, Jr., appeals the 108-month sentence imposed following his guilty plea to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). Counsel for Wilson filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether the district court imposed an unreasonable sentence. Wilson filed a pro se supplemental brief requesting that counsel's brief be stricken and new counsel be appointed, and arguing that he was entitled to a reduction in sentence to reflect a 1:1 crack to powder cocaine ratio. Finding no reversible error, we affirm the conviction and sentence.

Counsel challenges the reasonableness of Wilson's sentence but does not specify any deficiencies. We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 56 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553[(a) 2006] for a sentence different than the one ultimately imposed"). We begin by reviewing the sentence for

2

significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

We conclude that the district court's sentence was both procedurally and substantively reasonable. Wilson's sentence is below the applicable Guidelines range. See U.S. Sentencing Guidelines Manual ch. 5, pt. A (sentencing table). The district court used the correct Guidelines range and understood that it was advisory. Furthermore, it is apparent that the court considered both parties' arguments and had a reasoned basis for its decision. Therefore, we hold that the district court did not commit error during sentencing.

In his pro se supplemental brief, Wilson argues that not only is he entitled to a reduction in his sentence reflecting the reduction in the crack to powder cocaine ratio implemented by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, but the new 18:1 ratio is also unconstitutional. Wilson is not entitled to a sentence reduction to reflect the 18:1 ratio because the Fair Sentencing Act does not apply retroactively. See United States v. Gomes, 2010 WL 3810872, at *2 (11th Cir. Oct. 1, 2010); United States v. Carradine, 2010 WL 3619799, at *4-*5 (6th Cir. Sept. 20, 2010).

Wilson's constitutional challenge to the new 18:1 ratio also fails. We have repeatedly rejected claims that the sentencing disparity between crack and powder cocaine offenses violates either equal protection or due process. See United

4

States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). Furthermore, even after amendments to the crack cocaine Guidelines, "sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]." Kimbrough v. United States, 552 U.S. 85, 107 (2007). Thus, excepting its downward departure based on substantial assistance, the district court had no discretion to sentence Wilson below the mandatory minimum. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005).

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. Consequently, we deny Wilson's request to strike counsel's brief and appoint new counsel. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED