# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2500

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| John Wesley Williams, Jr., | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: January 14, 2011
Filed: January 20, 2011

_____

Before MURPHY, HANSEN, and MELLOY Circuit Judges.

_____

PER CURIAM.

A jury convicted John Wesley Williams, Jr. of being a felon in possession of a firearm, possessing five or more grams of crack with intent to distribute, and possessing marijuana with intent to distribute, in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. §§ 841(a)(1) and 851. In June 2010, the district court[1] sentenced Williams to 120 months, the then applicable mandatory minimum for offenses involving five or more grams of crack. Williams appeals, principally arguing that recent amendments to the mandatory minimum for crack offenses should be applied

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

retroactively to him. He also argues that his sentence violates the Fifth and Eighth Amendments and that it is substantively unreasonable. We affirm.

## I.

In July 2008, Pemiscot County law enforcement officers executed a search warrant on the residence in which Williams was staying. When the officers entered the home, Williams threw an object behind a dresser and ran away. After the officers took Williams into custody, they discovered a clear plastic bag behind the dresser containing 5.69 grams of crack, another bag containing 13.41 grams of marijuana, and four shotguns. They later discovered $3,300 in cash in a vehicle Williams shared with his girlfriend.

As Williams had previously been convicted of a felony, the government charged him with being a felon in possession, along with possession with intent to distribute over five grams of crack and possession with intent to distribute marijuana. A jury convicted him of all three counts in March 2010. The district court, applying the mandatory minimum sentence then applicable to offenses involving five or more grams of crack, sentenced Williams to 120 months. He now appeals.

## II.

Williams challenges his sentence on four separate grounds, none of which he raised in the district court. As a result, we review each of Williams's challenges for plain error. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc).

First, Williams argues that the district court plainly erred by sentencing him to a mandatory minimum "that no longer applied to him." He asserts instead that Congress's passage of the Fair Sentencing Act of 2010, which increased the amount of crack required to trigger the applicable mandatory minimum from five to 28 grams,

is a retroactive rule that should have been applied to Williams's case, which was still pending when the law became effective. We disagree.

In United States v. Brown, No. 10-1791, 2010 WL 3958760, at *1 (8th Cir. Oct. 12, 2010) (per curiam), we rejected an identical argument that the district court erred in failing to apply the Fair Sentencing Act retroactively. We noted that, though that Act "raise[d] the threshold for imposition of a 120-month minimum prison sentence," it was "not made retroactive," because the Act "contains no express statement that it is retroactive and no such express intent can be inferred from its plain language." To our knowledge, every other appellate court to consider the question has reached the same conclusion.[2] As Williams was sentenced before the Fair Sentencing Act became effective, the district court did not err in imposing the applicable mandatory minimum sentence to his crack offense.

## III.

Williams next argues that the district court plainly erred in failing to sentence him below the mandatory minimum because that sentence violates the Fifth and Eighth Amendments. Williams reasons that since Congress has since increased the threshold for triggering the mandatory minimum for crack offenses, it would be cruel and unusual punishment to apply the then existing mandatory minimum to him. He also argues that since that mandatory minimum has a disproportionate effect on

---

[2] See United States v. Diaz, No. 10-317-cr, 2010 WL 5094222, at *1 (2d Cir. Dec. 15, 2010); United States v. Reevey, No. 10-1812, 2010 WL 5078239, at *4 (3d Cir. Dec. 14, 2010); United States v. Wilson, No. 10-4160, 2010 WL 4561381, at *2 (4th Cir. Nov. 12, 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Hall, No. 09-10216, 2010 WL 4561363, at *3 (9th Cir. Nov. 10, 2010); United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010).

African Americans, its application to him (an African American) violates his Fifth Amendment right to equal protection. We disagree.

We have repeatedly held that applying a mandatory minimum penalty for drug offenses does not violate the Eighth Amendment. See, e.g., United States v. Garcia, 521 F.3d 898, 901–02 (8th Cir. 2008). As recently as last March, we held that a defendant's mandatory minimum sentence of life in prison for certain crack related offenses did not violate the Eighth Amendment, despite the defendant's assertion that a "growing consensus" exists showing that "sentencing between crack and powder cocaine disproportionately punished African Americans." See United States v. Fenner, 600 F.3d 1014, 1025 (8th Cir. 2010). Likewise here, we conclude that the district court's imposition of the then applicable mandatory minimum did not violate either the Fifth or Eighth Amendments. See id. ("The mandatory minimums in § 841(b)(1)(A) do not violate equal protection.").

IV.

Finally, Williams argues that the district court committed both procedural and substantive error in sentencing him to the mandatory minimum. Specifically, he asserts that the district court did not "make an individualized assessment of the § 3553(a) factors" and ignored Williams's mental health issues.

Our review of the record shows no such error. The district court sentenced Williams to 120 months, the mandatory minimum. Absent application of a specific statutory exception, see 18 U.S.C. §§ 3553(e) (substantial assistance) and (f) (safety valve), the district court lacked authority to sentence Williams below the mandatory minimum. See, e.g., United States v. Gregg, 451 F.3d 930, 937–38 (8th Cir. 2006).

For the foregoing reasons, the judgment of the district court is affirmed.

_____