# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2459

_____

United States of America

*Plaintiff - Appellee*

v.

Ruben Montelongo Garza

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 7, 2014
Filed: January 10, 2014
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ruben Montelongo Garza pleaded guilty to illegally reentering the United States having been previously deported after an aggravated felony conviction, in

violation of 8 U.S.C. § 1326(a), (b)(2). The district court[1] sentenced him at the bottom of the Sentencing Guidelines range to 57 months in prison. On appeal, his counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the court erred by using Garza's 1992 attempted murder conviction to support a 16-level enhancement to his offense level, and that the sentence was excessive. Garza has filed a motion for appointment of counsel on appeal.

After careful review, we hold that the district court properly included Garza's 1992 conviction when calculating his offense level and criminal history category. Although Garza was arrested in 2011, he illegally reentered the United States no later than April 1998. *See United States v. Delgado-Hernandez*, 646 F.3d 562, 567 (8th Cir. 2011) (per curiam) (illegal reentry is ongoing offense that begins on date of reentry). The sentence for his 1992 conviction was imposed within 15 years of the commencement of the instant offense, and thus was properly used in determining his offense level and criminal history category. *See* U.S.S.G. §§ 2L1.2(b)(1)(A), 4A1.1(a), 4A1.2(e)(1).

We further hold that the sentence was not substantively unreasonable, because the district court properly weighed the relevant factors and sentenced Garza at the bottom of the correctly calculated Guidelines range. *See Delgado-Hernandez*, 646 F.3d at 568 (appellate review of substantive reasonableness of sentence is narrow and deferential; appellate court may apply presumption of reasonableness to within-Guidelines-range sentence).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the

---

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

conviction and sentence, grant counsel's motion to withdraw, and deny Garza's motion for appointment of counsel.

_____