# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3781

_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Gonzales

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: May 23, 2014
Filed: July 10, 2014
[Unpublished]

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Daniel Gonzales pleaded guilty to one count of unlawful reentry after removal following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and

(b)(2). The district court[1] imposed a 70-month sentence. On appeal, Gonzales argues that his sentence is substantively unreasonable. We affirm.

Gonzales was born in Mexico and moved to the United States with his mother at age five. In 2004, when he was seventeen years old, Gonzales transported approximately fifty-five pounds of marijuana in Arkansas and was arrested for possession of marijuana with intent to deliver. Gonzales did not appear before the court and remained a fugitive until he was arrested in Missouri for assault in 2008. In 2006, while he was on the lam, Gonzales was arrested in Texas after he waded across the Rio Grande River. He pleaded guilty to the federal offense of illegally entering the United States. He was sentenced to time served and deported. He later returned to the United States, was arrested in Missouri, and was convicted of both the Arkansas and Missouri offenses. He was sentenced to seven years' imprisonment for the Arkansas drug trafficking offense and five years' imprisonment for the Missouri assault, with the execution of the Missouri sentence suspended. He served approximately eighteen months of his Arkansas sentence.

Gonzales was released from the Arkansas department of corrections to federal immigration authorities in March 2010 and spent approximately six months in federal custody. He pleaded guilty to illegal reentry, was sentenced to time served, and was deported to Mexico. In June 2013, Gonzales was arrested in Missouri for driving while intoxicated. He pleaded guilty to the state offense and shortly thereafter was transferred to federal custody, where he pleaded guilty to the one count of illegal reentry set forth above. Under the United States Sentencing Guidelines (Guidelines or U.S.S.G.), Gonzales's total offense level was 21, his criminal history category was V, and his advisory Guidelines sentencing range was 70 to 87 months' imprisonment.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

In his sentencing memorandum and at the sentencing hearing, Gonzales argued that a Guidelines-range sentence would be greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). He requested a downward departure or variance based on his assimilation into American culture. See U.S.S.G. § 2L1.2 cmt. n.8 (providing that a downward departure based on cultural assimilation may be appropriate in certain circumstances). He also argued that the Arkansas conviction counted against him twice because it caused his criminal history to be overstated and his offense level unfairly to be increased by 16 levels. See U.S.S.G. § 2L1.2(b)(1)(A) (16-level increase for a previous drug trafficking conviction for which the sentence imposed exceeded 13 months' imprisonment). Moreover, he argued that his drug trafficking offense was relatively minor in that he was not selling hard drugs, it involved no violence, and he was a minor when he transported the marijuana. The district court determined that a sentence at the bottom of the advisory Guidelines sentencing range was warranted.

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." United States v. San-Miguel, 634 F.3d 471, 475 (8th Cir. 2011) (quoting United States v. Jones, 509 F.3d 911, 913 (8th Cir. 2007)).

Gonzales argues that the district court abused its discretion by placing undue weight on Gonzales's criminal history—including his repeated illegal entries into the United States—and by giving no weight to Gonzales's long residence in the United States and his cultural assimilation. Gonzales, however, has failed to rebut the presumption of reasonableness that we apply to sentences that fall within the advisory Guidelines sentencing range. See Gall, 552 U.S. at 51 ("If the sentence is within the

Guidelines range, the appellate court may . . . apply a presumption of reasonableness."). The district court acknowledged that it had considered the sentencing factors set forth in § 3553(a) and that it had taken into account the mitigating and aggravating factors the parties had addressed. The district court considered the fact that Gonzales was only seventeen when he committed the drug trafficking offense, but it also weighed the fact that Gonzales had committed crimes after each illegal entry into the United States. Moreover, the district court was well aware that Gonzales had moved to the United States when he was a child, that he had lived in the United States for most of his life, that his immediate family lived in Missouri, and that his five half-siblings were United States citizens. We thus hold that the district court did not abuse its discretion in imposing a 70-month sentence.

Gonzales also argues that we should give little regard to the advisory sentencing range because the Guidelines double count his criminal history and make no distinction between minor aggravated felonies and serious aggravated felonies. We have rejected the argument that impermissible double counting occurs when a prior conviction is used to increase a defendant's criminal history category and offense level under Guidelines § 2L1.2(b)(1)(A). United States v. Delgado-Hernandez, 646 F.3d 562, 569 (8th Cir. 2011) (per curiam); see also United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) (per curiam) (holding that the application of the 16-level increase pursuant to § 2L1.2(b)(1)(A) is not an abuse of discretion per se). Although the district court could have varied from the advisory Guidelines sentencing range based on a policy disagreement with § 2L1.2(b)(1)(A), see Spears v. United States, 555 U.S. 261, 265-66 (2009), "our appellate role is limited to determining the substantive reasonableness of a specific sentence[,]" United States v. Shuler, 598 F.3d 444, 448 (8th Cir. 2010).

The sentence is affirmed.

_____