# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2369

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Acevedo-Rodriguez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 18, 2015
Filed: March 23, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Antonio Acevedo-Rodriguez directly appeals the 70-month sentence imposed
by the district court[1] after he pleaded guilty to illegally reentering the country and

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western
District of Missouri.

being a felon in possession of a firearm.  In a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel argues that the district court erred by assessing 3 criminal history points for Acevedo's November 1996 perjury conviction.

After careful review, we affirm.  <u>See</u> <u>United States v. Delgado-Hernandez</u>, 646 F.3d 562, 566 (8th Cir. 2011) (per curiam) (standard of review).  The district court properly determined that the perjury conviction involved a sentence of imprisonment exceeding 1 year and 1 month--even though Acevedo alleged that he had served only 1 year of the 2-year prison sentence before being paroled--because criminal history points are based on the sentence pronounced rather than the time actually served.  <u>See</u> U.S.S.G. §§ 4A1.1(a), 4A1.2(b) & comment. (n.2).  The court also did not clearly err in finding, based on Acevedo's statement during his presentence interview, that he had last reentered the country prior to May 2011.  Because illegal reentry is an ongoing offense for which relevant conduct is calculated from the date of the last reentry, <u>see</u> <u>Delgado-Hernandez</u>, 646 F.3d at 567, Acevedo's November 1996 perjury sentence was imposed within 15 years of his commencement of this reentry offense, <u>see</u> U.S.S.G. § 4A1.2(e)(1) & comment. (n.8).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal.  Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about the procedures for seeking rehearing from this court and for filing a petition for writ of certiorari.

_____