# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3090

_____

United States of America

*Plaintiff - Appellee*

v.

Travonte Derrane Hughes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 8, 2017
Filed: August 7, 2017
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Travonte Hughes pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to 71 months' imprisonment. Hughes appeals from his sentence, arguing that the

district court[1] erred in calculating his offense level under the United States Sentencing Guidelines Manual (U.S.S.G. or Guidelines) and in imposing a substantively unreasonable sentence. We affirm.

As officers of the Cedar Rapids, Iowa, police department entered a barbershop in response to a report that a robbery suspect was present there, Hughes pulled a loaded firearm from his pocket and pointed it at them. Hughes then retreated behind a video game machine near the rear of the shop, still displaying the firearm. Hughes eventually surrendered and was arrested without further resistance.

Hughes's presentence report (PSR) calculated a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2), which applies if the defendant committed the offense after sustaining at least two felony convictions for a crime of violence. The PSR determined that Hughes had sustained two such convictions—for residential burglary, in violation of 720 Illinois Compiled Statutes 5/19-3(a), and for willful injury, in violation of Iowa Code § 708.4(2). The PSR also recommended a 4-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because Hughes committed the felon-in-possession offense in connection with another felony offense—namely, carrying weapons in violation of Iowa Code § 724.4(1). Based on a total offense level of 27 (after applying other adjustments not relevant here) and a criminal history category of III, the PSR calculated an advisory Guidelines sentencing range of 87 to 108 months' imprisonment.

Hughes objected to the PSR's calculation of his base offense level, arguing that his conviction for residential burglary should not qualify as a crime of violence because it would not so qualify under a revision to U.S.S.G. § 4B1.2(a)(2) that had not yet taken effect. Although Hughes conceded that his conviction for willful injury

---

[1]The Honorable Linda R. Reade, then Chief Judge, United States District Court for the Northern District of Iowa.

constituted a crime of violence, he objected to the § 2K2.1(b)(6)(B) enhancement, arguing that the Iowa offense of carrying weapons could not support the enhancement because that offense was based on the same conduct as the federal felon-in-possession offense.[2] Hughes raised no objection to the factual findings set forth in the PSR.

Hughes repeated the foregoing arguments during the sentencing hearing, as well as arguing that his conviction for willful injury did not constitute a crime of violence, notwithstanding his earlier concession to the contrary. The district court adopted the PSR's factual findings and its calculation of Hughes's advisory Guidelines sentencing range. Regarding Hughes's argument that his residential-burglary conviction should not be counted as a crime of violence in light of the upcoming Guidelines revision, the court stated that it "could decide not to give Mr. Hughes that break, and [it] would be well within the law doing so," but that it was "trying to be fair" and "a sentence shouldn't depend on when the Court . . . sets the sentencing hearing." The court determined that Hughes's offense level would have been 23 if, all else unchanged, Hughes had sustained only one conviction for a crime of violence. See U.S.S.G. § 2K2.1(a)(4)(A). Based on an offense level of 23 and a criminal history category of III, the court determined that Hughes would have had an advisory Guidelines sentencing range of 57 to 71 months' imprisonment.

The court sentenced Hughes to 71 months' imprisonment, varying downward from the actual Guidelines range of 87 to 108 months' imprisonment. The court explained that it had considered the unobjected-to portions of the PSR, the parties' oral and written arguments, and all of the sentencing factors set forth in 18 U.S.C. § 3553. The court stated that "if it erred in any way in computing the advisory guidelines, the Court would impose a nonguideline sentence that would be

---

[2]Hughes acknowledged that this argument was foreclosed by United States v. Walker, 771 F.3d 449 (8th Cir. 2014), but stated that he wished to preserve the issue in order to request *en banc* review on appeal.

identical, and this would take into account the outrageous nature of his action, his assault on the police officers."

Hughes's convictions for willful injury and residential burglary arguably constituted crimes of violence and the offense of carrying weapons arguably supported the § 2K2.1(b)(6)(B) enhancement. We affirm for a different reason, however, for any error in calculating Hughes's Guidelines sentencing range was harmless in light of the district court's alternative holding that a non-Guidelines 71-month sentence would be appropriate to address the severity of Hughes's offense. See United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012) ("In general, we have found harmless sentencing error when a court specifically identifies the contested issue and potentially erroneous ruling, sets forth an alternative holding supported by the law and the record in the case, and adequately explains its alternative holding.").

We also conclude that Hughes's 71-month sentence was substantively reasonable. "We review the reasonableness of defendants' sentences under a deferential abuse-of-discretion standard, ensuring that the district court committed no significant procedural error and that the sentence is substantively reasonable." United States v. Diaz-Pellegaud, 666 F.3d 492, 501 (8th Cir. 2012) (quoting United States v. Reynolds, 643 F.3d 1130, 1134 (8th Cir. 2011)). "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (quoting United States v. Delgado-Hernandez, 646 F.3d 562, 568 (8th Cir. 2011) (per curiam)). Hughes contends that his sentence is substantively unreasonable because the district court failed to account for the emotional effect of Hughes's father's death during Hughes's childhood and for the possibility that Hughes could improve his behavior through counseling and education while residing in a halfway house. It is clear from the record, however, that the

-4-

district court considered those factors, which were discussed both in the PSR and during the sentencing hearing. The district court did not abuse its discretion in weighing the severity of Hughes's offense against those factors. See United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010) ("The district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal.").

The judgment is affirmed.

_____